# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ALBERT RAY HARRIS,**                                            **PETITIONER**

v.                                                              **No. 3:08CV15-A-S**

**STATE OF MISSISSIPPI, ET AL.**                                 **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Albert Ray Harris for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d), and Harris has responded in his May 9, 2008, motion to dismiss the indictment, as well as his September 22, 2008, motion for bond. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss shall be granted and the petition for a writ of *habeas corpus* dismissed.

### Facts and Procedural Posture

On April 10, 2000, Harris pled guilty to burglary and larceny of a dwelling (Count I) and grand larceny (Count II) in the Circuit Court of Pontotoc County, Mississippi. That same day, Harris was sentenced to serve a term of twenty-five years with five years suspended and five years of post-release supervision on Count I and a term of five years on Count II both terms to be served in the custody of the Mississippi Department of Corrections. Pontotoc County Circuit Court records reveal that Harris did file a an application for post-conviction relief on August 28, 2000. The trial court denied Harris relief on October 23, 2000. Harris appealed his conviction to the Mississippi Court of Appeals, which denied the appeal as untimely on September 17, 2002. *Harris v. State*, 826 So.2d 765 (Miss. App. 2002). Harris has not appealed

this decision to the Mississippi Supreme Court or the United States Supreme Court.[1]

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

There is no statutory right to direct appeal from a guilty plea in Mississippi, MISS. CODE ANN. § 99-35-101, but defendants who plead guilty may nonetheless appeal the validity of their sentences if they do so within thirty days of conviction. *Acker v. State*, 797 So.2d 966 (Miss. 2001). Thus, Harris' judgment became final on May 10, 2000, thirty days after he was sentenced

---

[1]Harris states in his petition that he filed a petition for a writ of *certiorari* with the United States Supreme Court. The record does not, however, contain documentation of such a filing, and Harris has not supplied any documents to support this contention.

on his guilty pleas. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (defendant who pleads guilty entitled to tolling for period of time permitted for seeking appellate review of sentence). Hence, the deadline for filing his federal petition for a writ of *habeas corpus* became May 10, 2001. 28 U.S.C. § 2244(d)(2). *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). As Harris filed a direct appeal before this deadline, he enjoyed statutory tolling during the pendency of that appeal (from August 28, 2000, through September 17, 2002) – a total of 750 days. This tolling moved the federal *habeas corpus* deadline to May 30, 2003 (May 10, 2001 plus 750 days).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date Harris delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on February 4, 2008, and the date it was received and stamped as "filed" in the district court on February 7, 2008. Giving Harris the benefit of the doubt by using the earlier date, the instant petition was filed 1,711 days after the May 30, 2003, filing deadline. Harris does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition shall thus be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the ___26th___ day of November, 2008.

                                            /s/ Sharion Aycock
                                            **U. S. DISTRICT JUDGE**